UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LUTHER EDWARD EASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-CV-076-DCLC-CRW |
| ) | |
| TONYA WHEAT, WASHINGTON ) | |
| COUNTY DETENTION CENTER, ) | |
| CHRIS LOWE, LEIGHTA LIGHTNING, ) | |
| THE STATE OF TENNESSEE, THE ) | |
| CITY OF JONESBOROUGH, and ) | |
| CAPTAIN HENSLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The Court is in receipt of a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and this action be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate in the Washington County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly

income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs [PLRA screening] dismissals for failure state a claim [] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive this initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a claim upon which relief may be granted. *Twombly,* 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less strict standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### III. COMPLAINT ALLEGATIONS

On March 4, 2021, Plaintiff "signed on protective custody" because gang members posed a threat of death or serious physical injury to him [Doc 1 p. 3]. Because he is in protective custody, Plaintiff cannot order food from commissary, get two full hours of recreation, or order a word search book, even though inmates in classification protective custody can order a word search book and commissary food [*Id.* at 4–6]. Also, Plaintiff is able to use the telephone and inmate chirping device only on Wednesday, but inmates who are not in protective custody are able to use those items every day [*Id.* at 4]. Plaintiff tried to get a grievance form by writing a captain, but the captain never brought him one, and Plaintiff wrote to Defendant Major Lowe about these issues, but he got no answer [*Id.* at 6].

Plaintiff is suing for "abuse of [his] rights," "cru[el] and unreasonable punishment, violation of [his] constitutional right, emotional dis[]tress, mental dis[]tress, [and] threatening [and] cursing [him]," and he seeks two billion dollars and for the Court to contact the jail to find out why he is being punished in protective custody [*Id.* at 5, 7].

### IV. ANALYSIS

First, as to Plaintiff's claim that the conditions of his protective custody confinement violate his Eighth Amendment rights, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Thus, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* at 8–9 (citations and quotations omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Plaintiff's allegations that he does not get two hours of recreation, cannot order commissary food or a word book, and can only use a phone and chirping device on Wednesdays do not allege any grave risk of harm to him or an extreme deprivation of a life necessity that violates his rights under the Eighth Amendment.

Specifically, as to Plaintiff's allegation that he does not get two hours of recreation, prisoners are entitled to enough exercise to maintain reasonably good physical and mental health. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). While the Sixth Circuit does not require a certain amount of exercise for prisoners, it has held that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on a prisoner's Eighth Amendment rights. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995). Nothing in the complaint allows the Court to plausibly infer that any named Defendant has totally, or nearly totally, denied Plaintiff opportunities to exercise or have recreational time, and thus Plaintiff's allegation that he does not receive two full hours of recreation fails to state a claim upon which relief may be granted under § 1983.

4

Moreover, as to Plaintiff's allegation that he is only able to use a phone and chirping device on Wednesdays, prisoners have "no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). Rather, "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* Moreover, the Sixth Circuit has cautioned that district courts should not interfere with administration of jails except in the most compelling situations. *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration). Plaintiff has not set forth any facts to support a finding that his ability to use a telephone or chirping device only on Wednesday is a compelling situation requiring the Court to interfere in jail administration.

Also, as to Plaintiff's allegation that he cannot order food from commissary while in protective custody, nothing in the complaint allows the Court to plausibly infer that Plaintiff does not receive enough food to sustain his good health, and he does not have a constitutional right to purchase food from the commissary. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *Adams v. Hardin County Det. Center*, 2016 WL 2858911, at *3–4 (W.D. Ky., May 16, 2016) (collecting cases finding that prisoners have no constitutional right to purchase commissary items).

Moreover, as to Plaintiff's allegation that he cannot order a word search book, prisoners retain their First Amendment rights that are "not incompatible with their status as prisoners, 'or with the legitimate penological objectives of the corrections system.'" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (citing *Pell v. Procunier*, 417 U.S. 817, 832 (1974)). However, prison

5

officials may impinge on these constitutional rights if that intrusion "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff's conclusory allegation that he cannot order a word search book, but inmates in classification protective custody can do so, does not allow the Court to plausibly infer that any named Defendant has denied him access to publications in a manner that violates his First Amendment rights.

Further, Plaintiff's allegations that he was unable to file grievances and unnamed persons have threatened and cursed him fail to allege a constitutional violation. *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (holding that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant, and this action will be **DISMISSED**.

V.  **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United State District Judge

7

Case 2:21-cv-00076-DCLC-CRW   Document 4   Filed 05/18/21   Page 7 of 7   PageID #: 27